**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Jerry D. Greene and Denise A. Greene,** | ) | **Case No. 09-51218** |
| | ) | |
| **Debtors.** | ) | |
| _____ | ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on before the court on November 10, 2010 upon the Trustee's

Objection to Debtors' Claim for Property Exemptions.  Brian Hayes appeared on behalf of the

Debtors, Craig S. Haskell appeared on behalf of State Employees' Credit Union ("SECU"), and

Neil Jonas appeared on behalf of the Chapter 7 Trustee.  After consideration of the matters of

record, the court makes the following findings of fact and conclusions of law:

**FACTS**

The Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code

on June 18, 2009 (the "Petition Date").  On Schedule A of their Petition, the Debtors listed real

property consisting of a five bedroom, three and half bath residence located at 2459 Plantation

Road in Concord, North Carolina (the "Residence") with a value of $375,000.00.  On Schedule

D, the Debtors indicated that the Residence was encumbered by two mortgages in favor of

SECU: a first mortgage with a balance of $409,892.73 and a second mortgage with a balance of

$38,887.36.  The Debtors listed personal property totaling $61,142.44 on Schedule B, including

an anticipated 2008 tax refund of $3,000.00.

Along with their Petition, the Debtors each filed a claim for property exemptions (the

"Initial Exemptions").  In the Initial Exemptions, each Debtor had $5,000.00 available pursuant

to N.C. Gen. Stat. § 1602(a)(2) more commonly referred to as the "Wild Card" exemption.  Each

Debtor utilized the Wild Card to claim as exempt $1,500.00 of an anticipated total $3,000.00 in joint federal and state income tax refunds and $348.50 in funds held in a joint Wachovia bank account.  After exempting these items, each Debtor had $3,151.50 out of the original $5,000.00 Wild Card remaining.

In their initial Chapter 13 Notice to Creditors of Proposed Plan, which was filed on the Petition Date, the Debtors indicated that their mortgage payments to SECU on the first mortgage were current.  They proposed to make ongoing monthly payments to SECU directly. The Debtors indicated that they planned to avoid SECU's second mortgage, asserting that the balance owed on the first mortgage exceeded the value of the Residence.

On or about July 7, 2009, the Debtors received, via electronic deposit, their North Carolina joint income tax refund in the amount of $2,759.00.  On or about July 10, 2009, the Debtors received their Federal joint income tax refund in the amount of $8,435.00.  Together, these tax refunds (the "2008 Refund") exceeded the amount listed on both Schedule B and their Initial Exemptions by $8,194.00.  As a result of the increased 2008 Refund amount, each Debtor exceeded the Wild Card exemption by approximately $945.50.  When the Debtors received the 2008 Refund, however, they did not inform their attorney or the Chapter 13 Trustee that the total amount received was $11,194.00 rather than $3,000.00 as listed on their petition and exemptions. On or about July 17, 2009, the Debtors wrote a check to SECU in the amount of $14,770.00 in payment on their mortgage because it was not in fact current on the Petition Date as represented in their initial proposed plan. The Debtors' § 341 meeting was held on August 7, 2009.  The Debtors did not disclose the increased amount of their 2008 Refund to their attorney or the Chapter 13 Trustee at this meeting.  Similarly, the Debtors did not disclose the payment to SECU to their attorney or the Chapter 13 Trustee.

The Debtors' first plan, filed by the Chapter 13 Trustee on August 19, 2009, provided for payments to the Trustee of $270.00 for July 2009, and $3,700.00 per month thereafter. According to the first plan, post-petition payments on the first Deed of Trust of $3,182.00 per month were scheduled to be paid to SECU through disbursements by the Chapter 13 Trustee. The first proposed plan treated the claim stemming from SECU's second Deed of Trust as unsecured. SECU objected to the confirmation of the Debtors' first plan.

The hearing on confirmation was continued several times until ultimately, the Debtors filed an amended notice of proposed plan providing for the release of the Residence. Thus, on November 19, 2009, the Chapter 13 Trustee filed an amended plan which provided for plan payments of $270.00 for July 2009, $3,700.00 for August through October 2009, and $270.00 per month from November 2009 thereafter. The Debtors' had made plan payments of $3,700.00 for August and September, $500.00 for October, and $270.00 for November and December, and the Chapter 13 Trustee continued to hold these funds for distribution as a plan had not yet been confirmed. Pursuant to the terms of the amended plan, none of the funds being held by the Chapter 13 Trustee would be distributed to the SECU despite the fact that a substantial portion of the funds initially paid to the Chapter 13 Trustee was for the purpose of paying SECU. In response, SECU filed both an objection to confirmation of the amended plan as well as a motion for adequate protection.

On January 13, 2010, a hearing was held on SECU's objection to confirmation and motion for adequate protection. At the hearing, the Debtors indicated that if the court granted SECU's motion for adequate protection and ordered that a portion of the funds held by the Chapter 13 Trustee be paid to SECU as adequate protection, then they would immediately request that their case be converted to a case under Chapter 7 so that any funds held by the

Chapter 13 Trustee would be refunded to them.  At the conclusion of the hearing, the court

indicated that it would enter an order granting SECU's motion for adequate protection.

The Debtors filed a notice of voluntary conversion from Chapter 13 to Chapter 7 a few

hours after the hearing at 2:06 p.m. on January 13, 2010.  On January 15, 2010, the court entered

an order finding the Debtors' conversion in bad faith pursuant to 11 U.S.C. § 348(f)(2) and

ordered that all of the funds being held by the Chapter 13 Trustee be turned over to the Chapter 7

Trustee as property of the estate.  The court further ordered that the Chapter 7 estate might

include additional funds or property which the Debtors acquired during the pendency of the

Chapter 13 case. In addition, pursuant to an order entered on January 25, 2010, this court found

that the adequate protection payments that had been remitted to the Chapter 13 Trustee had

subsequently failed.  The court held that SECU was entitled to a priority claim pursuant to §

507(b) in the amount of $3,000.00.

Upon the Debtors' conversion to Chapter 7, W. Joseph Burns was appointed as the

Chapter 7 Trustee, and the Chapter 7 § 341 meeting was scheduled for February 5, 2010.  On

February 4, 2010, in preparation for the Debtors' § 341 meeting, Debtors' counsel obtained the

Debtors' 2008 tax returns and forwarded a copy of it to the Chapter 7 Trustee.  It was not until

this point in time that the Debtors disclosed that their 2008 Refund, received approximately six

months before, totaled $11,194.00 rather than the $3,000.00 listed on their petition and

exemptions.  Upon inquiry by Debtors' counsel regarding the disposition of the 2008 Refund, the

Debtors disclosed the $14,770.00 post-petition payment that they had made to SECU on July 17,

2009.

On March 29, 2010, the Debtors each filed an amended claim for property exemptions

(the "Amended Exemptions") in which each claimed that they had their full $5,000.00 Wildcard

available and exempted simply the $348.50 in funds that was held in their joint Wachovia bank account on the Petition Date. They did not exempt their 2008 Refund. As a result, each Debtor claimed to have $4,651.4 of a Wildcard exemption remaining and each utilized that portion of the Wildcard to exempt "any other property." Neither Debtor made any reference on their Amended Exemptions to their 2008 Refund which they had listed on Schedule B with a value of $3,000.00 and which, in actuality, totaled $11,194.00. Shortly thereafter, the Debtors filed their 2009 tax returns which reflected they were entitled to federal and state refunds totaling $5,043.00 (the "2009 Refund"). The Debtors did not turn the 2009 Refund over to the Chapter 7 Trustee but now claim they are entitled to exempt the 2009 Refund with the balance of their Wildcard exemptions. The Chapter 7 Trustee objects to the Debtors' Amended Exemptions and requests that the court (1) disallow the Debtors' Amended Exemptions, (2) require the Debtors to turn over the $1,891.00 because they each exceeded the Wildcard amount in their Initial Exemptions by $945.50, and (3) require the Debtors to turn over their 2009 federal and state refunds in the amount of $5,043.00.

## DISCUSSION

The issue before the court is whether the Debtors are entitled to amend their Initial Exemptions so as to release any exempt interest they claimed in their 2008 Refund, after having spent the 2008 Refund, and instead claim their 2009 Refund as exempt.

Rule 1009(a) of the Federal Rules of Bankruptcy Procedure provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). Though the plain language of Rule 1009(a) seems to allow for little judicial discretion, a debtor's request to amend may be denied upon a showing of the debtor's bad faith or prejudice to the creditors. *See*, *e.g.*, *In re Osborn*, 24

F.3d 1199, 1206 (10th Cir. 1994), *rev'd on other grounds*; *In re Williamson*, 804 F.2d 1355, 1358 (5th Cir. 1986); *In re Doan*, 672 F.2d 831, 833 (11th Cir. 1982); *In re Williams,* 337 B.R. 846, 851 (Bankr. E.D. Va. 2005). In the present case, the facts indicate that the Debtors' amendment was made in bad faith and that the amendment would undoubtedly prejudice the unsecured creditors.

Regarding bad faith, the Court finds that the Debtors' failure to report the excess $8,194.00 from the 2008 Refund is a strong indicator of bad faith.  In addition, not only did the Debtors immediately fail to report this asset when they received it, but they did not disclose it at the § 341 meeting less than one month later.  *See In re Williams,* 337 B.R. at 851 (finding that debtor's accurate disclosure at § 341 meeting lessened the significance of the failure to list an asset on petition).  It appears that, but for the Chapter 7 Trustee's need to obtain the 2008 tax return in preparation of the § 341 meeting, the Debtors would not have disclosed the true amount of their 2008 Refund. As noted by the Seventh Circuit in *Payne v. Wood*, "The operation of the bankruptcy system depends on honest reporting. If debtors could omit assets at will, with the only penalty that they had to file an amended claim [for exemptions] once caught, cheating would be altogether too attractive." 775 F.2d 202, 205 (7th Cir. 1985).  After considering the Debtors' nondisclosure of this asset in conjunction with their other actions, such as their failure to disclose a substantial post-petition payment to SECU and their decision to convert to Chapter 7 for the sole purpose of thwarting this court's order awarding SECU $3,000.00 due to the failure of adequate protection payments, the court concludes that the Debtors acted in bad faith.

Similarly, the prejudice to creditors from the Debtors' actions is readily apparent. Allowing the Debtors to first exempt their 2008 Refund, then spend the 2008 Refund, and then finally amend their exemptions after they had spent the 2008 Refund to *not* exempt the 2008

Refund and instead exempt their 2009 Refund, would deprive the unsecured creditors of the

benefit of either the 2008 Refund or the 2009 Refund.  A debtor may not claim assets as exempt,

use those assets, and then claim additional assets as exempt as if to begin the process all over

again. For this reason, the Trustee's Objection to the Debtors' Amended Claim for Property

Exemptions is sustained.

       SO ORDERED.

# SERVICE LIST

Jerry D. Greene
Denise A. Greene
Debtors

Brian Hayes
Attorney for Debtors

Craig S. Haskell
Attorney for SECU

W. Joseph Burns
Trustee

Neil Jonas
Attorney for Trustee
P. O. Box 21433
Winston Salem, NC 27120

Michael D. West
US Bankruptcy Administrator